Femia Unemployment Compensation Case.

Argued September 13, 1962.   Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Maxwell P. Gorson,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., November 15, 1962:

Appellant filed this application for benefits on July 27, 1961, which established his base year as the second, third and fourth quarters of 1960 and the first quarter of 1961.   The bureau, referee and the board all concluded that appellant had no earnings in covered employment in his base year and therefore was ineligible to receive benefits under §401(a) of the Unemployment Compensation Law, 43 PS §801(a).

The record reveals that the appellant at one place testified that he did receive a weekly salary of $125.00 plus expenses of $25.00 and that he loaned them back to his employer, and at another place the record reveals that he instituted suit against his employer in the Municipal Court (now County Court) of Philadelphia County for the collection of his wages, in which suit he averred that "defendants failed and neglected to pay said salary and expenses to plaintiff, as a result

whereof plaintiff ceased working for defendants on or about January 2, 1961."

The records of the bureau reveal no earnings reported by the alleged employer of the appellant in his base year. The report of Joseph D. Prusinski, field accountant, shows that he contacted Mrs. Horn, wife of the employer, and that she stated that appellant was never actually employed by Mr. Horn. On the other hand, the appellant produced a witness, Mrs. Cvikick, who testified that she was a bookkeeper for the employer and that she made up the payroll until October 1960, when she quit working to get married, and that appellant was on the payroll at wages of $125.00 per week and $25.00 expenses.

Section 401(a), 43 PS §801(a), reads as follows: "Compensation shall be payable to any employe who is or becomes unemployed, and who—

"(a)  Has, within his base year, been *paid* wages for employment equal to not less than thirty (30) times his weekly benefit rate: Provided, however, That (1) an employe whose base year wages are less than six hundred dollars ($600.00) shall not be eligible under the provisions of this subsection unless such wages were earned during eighteen (18) different weeks within such base year, which weeks need not be consecutive, or more than fifty per centum (50%) of such wages were earned while engaged in a full-time occupation in a full-time industry or enterprise while attached to the labor market for permanent full-time employment. . . ." (Emphasis supplied)

There was ample evidence to support the board's finding that the claimant had no earnings in covered employment in his base year. The credibility of the witnesses, the weight of their testimony and the reasonable inferences to be drawn from it were for the board: *Ristis Unemployment Compensation Case*, 178 Pa. Superior Ct. 400, 403, 116 A. 2d 271.

The findings of the board on this subject were conclusive because they were supported by competent evidence: *Progress Mfg. Co., Inc. v. Unemployment Compensation Board,* 406 Pa. 163, 176 A. 2d 632.

The board could have found either that appellant had received wages or that he had not received any wages during his base year. The board chose to believe that no wages were received and this finding is binding upon us.

Decision affirmed.